FILED
RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 MAY -3 AM 11: 28

CLERK US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

BRITTANY DESTEFANO,

    Plaintiff,

v.

DOHI, INC. d/b/a 7-ELEVEN, FBI
INVESTMENT GROUP, INC. d/b/a 7-
ELEVEN, and FARIBORZ ISHANI,
individually,

    Defendants.

Case No.:   6:16-cv-752-Orl-37-TBS

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, BRITTANY DESTEFANO, by and through the undersigned attorney, and

sues the Defendants, DOHI, INC. d/b/a 7-ELEVEN, FBI INVESTMENT GROUP, INC.

d/b/a 7-ELEVEN, and FARIBORZ ISHANI, individually, (collectively referred to as

"Defendants"), and alleges as follows:

### INTRODUCTION

1.    This is an action by the Plaintiff against her former employers for unpaid

overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b)

(the "FLSA"), and any other relief available.

2.    This action is brought under the FLSA to recover from Defendants

overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

3.      Plaintiff was employed as a "cashier" for Defendants and performed related activities at their place of business located at 3290 N. Narcoossee Road, Saint Cloud, Florida 34771.

4.      Defendant, DOHI, INC. (hereinafter "Dohi"), is a Florida Corporation which operates and conducts business in the City of Orlando, County of Osceola, Florida, and is therefore within the jurisdiction of this Court.

5.      Defendant, FBI INVESTMENT GROUP, INC. (hereinafter "FBI"), is also a Florida Corporation which operates and conducts business in the City of Orlando, County of Osceola, Florida and is therefore within the jurisdiction of this Court.

6.      Defendant, FARIBORZ ISHANI (hereinafter "Ishani"), is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, Dohi and FBI, and resides in the State of Florida.  This Court has personal jurisdiction over this Defendant because said Defendant is a resident of the State of Florida.

7.      Defendant Dohi and Defendant FBI have joined and combined to form and constitute one single enterprise by: (1) performing related activities; (2) exercising unified operation or common control over Plaintiff; and (3) operating for a common business purpose.

## JURISDICTION

8.      This action arises under the FLSA, 29 U.S.C. §210, *et. seq.*  The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

9.     The venue of this Court over this controversy is proper based upon the claim arising in the City of Orlando, Osceola County, Florida.

## FACTS

10.     Defendants, Dohi and FBI, are organizations doing business known as 7-ELEVEN, which is the world's largest chain of convenience stores with more than 8,600 franchises and licenses in the U.S. and known to the general public as offering a broad selection of products and services, including gasoline.

11.     Defendants, Dohi and FBI, operated as joint employers since: (1) there was an arrangement between both to share the Plaintiff's services; (2) both acted directly or indirectly in the interest of the other in relation to the Plaintiff; (3) both were not completely disassociated with regard to the employment of Plaintiff by exercising common control with the other Defendant over Plaintiff's services; and (4) both combined and uniformly directed the work of Plaintiff.

12.     Defendant, Ishani, is the corporate officer, owner and acting manager of corporate Defendants Dohi and FBI with the power to: (1) hire and fire Plaintiff; (2) supervise and control Plaintiff's work schedule or conditions of employment; (3) determine Plaintiff's rate and method of payment; and (4) maintain employment records.

13.     Defendants jointly employed Plaintiff at their business located at 3290 N. Narcoossee Road, Saint Cloud, Florida 34771, within the relevant time period.

14.     Defendants employed Plaintiff as an integrated enterprise and/or joint employers.

3

15.     Plaintiff worked for Defendants without being paid the correct overtime premium rate of time and one-half her regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

16.     Defendants, each, controlled and/or were responsible for the work of Plaintiff.

17.     Plaintiff worked as a "cashier" for Defendants and performed related activities in Osceola County, Florida.

18.     In this capacity, Plaintiff was responsible for handling cash and/or credit card payments and receipts for store purchases made, greet patrons upon ingress and egress, cook food, clean grills, stock delivered merchandise and products, conduct inventory, maintain the restrooms and overall cleanliness of the store, and maintain the parking lot.

19.     Plaintiff worked for the Defendants from approximately June 2015 through December 2015.

20.     Plaintiff was initially paid $8.25 per hour, thereafter receiving a pay increase to $8.50 per hour.

21.     Plaintiff worked overtime hours on a weekly basis throughout her period of employment.

22.     Despite working more than forty (40) hours per week, Plaintiff was not paid all compensation for hours worked over forty (40) hours within a work week during several weeks of employment.

4

23.     Defendants paid Plaintiff with two separate paychecks that exceeded more than forty hours per week in an effort to avoid paying Plaintiff overtime compensation.

24.     In fact, Defendants switched Plaintiff to salary compensation in the middle of the year in order for Defendants to avoid compensating Plaintiff for all hours worked over forty (40).

25.     As a salaried employee, Plaintiff earned $340 per week.

26.     Defendant was aware of the overtime hours worked.

27.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

## COVERAGE

28.     At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

29.     At all material times relevant to this action, Defendants made gross earnings of at least $500,000 annually.

30.     At all material times relevant to this action, Defendants accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

31.     At all material times relevant to this action, Defendants routinely ordered materials, merchandise, products, and supplies from out-of-state vendors and/or entities (i.e., a wide array of daily-delivered deli sandwiches, wraps, breakfast sandwiches, and an assortment of fruits, salads, baked goods, as well as other products for consumption and use).

5

32.     At all material times relevant to this action, Defendants had two (2) or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (i.e., a wide array of daily-delivered deli sandwiches, wraps, breakfast sandwiches, and an assortment of fruits, salads, baked goods, as well as other products for consumption and use).

33.     At all material times relevant to this action, Plaintiff was individually engaged in interstate commerce during her employment with Defendants, by working with a wide array of daily-delivered products and goods.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION
### AGAINST DOHI, INC. d/b/a 7-ELEVEN

34.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 33 above.

35.     Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

36.     During Plaintiff's employment with Defendant Dohi, Plaintiff worked overtime hours but was not paid time and one-half her regular rate of pay for the same during several weeks.

37.     As a result of Defendant Dohi's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

6

38.     Defendant Dohi neither maintained nor kept accurate time records as required by the FLSA for Plaintiff.

39.     Also, Defendant Dohi failed to post required FLSA informational listings as required by law.

40.     As a result of Defendant's Dohi willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against DOHI, INC. d/b/a 7-ELEVEN, FBI INVESTMENT GROUP, INC. d/b/a 7-ELEVEN, and FARIBORZ ISHANI, individually, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendants did not properly compensate Plaintiff, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST FBI INVESTMENT GROUP, INC. d/b/a 7-ELEVEN

41.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 33 above.

42.     Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

43.     During Plaintiff's employment with Defendant FBI, Plaintiff worked overtime hours but was not paid time and one-half her regular rate of pay for the same during several weeks.

44.     As a result of Defendant FBI's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

45.     Defendant FBI neither maintained nor kept accurate time records as required by the FLSA for Plaintiff.

46.     Also, Defendant FBI failed to post required FLSA informational listings as required by law.

47.     As a result of Defendant's FBI willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against DOHI, INC. d/b/a 7-ELEVEN, FBI INVESTMENT GROUP, INC. d/b/a 7-ELEVEN, and FARIBORZ ISHANI, individually, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendants did not properly compensate Plaintiff, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## COUNT III
### RECOVERY OF OVERTIME COMPENSATION
### AGAINST FARIBORZ ISHANI, INDIVIDUALLY

48.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 33 above.

49.     Defendant Ishani is the Owner and President of DOHI, INC. d/b/a 7-ELEVEN and FBI INVESTMENT GROUP, INC. d/b/a 7-ELEVEN.

50.     Defendant Ishani is an Owner who acted with direct control over the work, pay, and job duties of Plaintiff.

51.     Defendant Ishani had the power to hire and fire Plaintiff.

52.     Defendant Ishani supervised and controlled Plaintiff's work schedule, job duties and responsibilities, and/or conditions of employment.

53.     Defendant Ishani determined Plaintiff's rate and method of payment.

54.     Defendant Ishani maintained employment records.

55.     Defendant Ishani determined that Plaintiff would be paid with two separate paychecks within the same workweek by the corporate Defendants to this lawsuit without including overtime compensation.

56.     As such, Defendant Ishani is charged with the responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff demands judgment against DOHI, INC. d/b/a 7-ELEVEN, FBI INVESTMENT GROUP, INC. d/b/a 7-ELEVEN, and FARIBORZ ISHANI, individually, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendants did not properly compensate Plaintiff, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

9

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all

issues so triable.

Dated this **2nd** day of **May, 2016**.

Respectfully submitted,

/s/ Carlos V. Leach
**Carlos V. Leach, Esq.**
FL Bar No.: 0540021
**Morgan & Morgan, P.A.**
20 N. Orange Avenue
Wells Fargo Building, 14th Floor
Post Office Box 4979
Orlando, Florida 32802-4979
Main Tel.:     (404) 965-8811
Direct Dial:    (404) 496-7295
Direct Fax:    (404) 496-7405
Email: CLeach@forthepeople.com
*Attorneys for Plaintiff*

10