UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRITTANY DESTEFANO,

    Plaintiff,

v.                                              Case No:   6:16-cv-752-Orl-37TBS

DOHI, INC., FBI INVESTMENT GROUP,
INC. and FARIBORZ ISHANI,

    Defendants.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Entry of Final Default Judgment (Doc. 17) and Plaintiff's Addendum Motion & Memorandum in Support of Request for Award of Attorney's Fees (Doc. 19). Defendants have failed to respond to the motions and the time within to do so has expired. Upon due consideration, I respectfully recommend that the motion for default judgment be **granted** and the motion for attorney's fees be **granted in part and denied in part**.

## Background

On May 3, 2016, Plaintiff Brittany Destefano filed this case against her former employers, Dohi, Inc., FBI Investment Group, Inc., and Fariborz Ishani (collectively, Defendants) for unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Doc. 1). Plaintiff alleges she was an hourly paid cashier and Defendants failed to pay her for hours worked over forty per week for several weeks of her employment (Id. at ¶ 22). Plaintiff alleges that to avoid paying her overtime compensation at the appropriate rate, Defendants paid her "with two separate paychecks that exceeded more than forty hours per week" and later "switched [her] to salary

compensation in the middle of the year (Id. at ¶¶ 22-24). None of the Defendants have appeared in this litigation. On June 14, 2016, the Clerk of Court entered defaults against each Defendant, pursuant to FED. R. CIV. P. 55(a) (Doc. 16). On July 7, 2016, Plaintiff sought entry of a default judgment against Defendants (Doc. 17). On July 8, 2016, I entered an order carrying the motion so that Plaintiff could comply with the Servicemembers Civil Relief Act, 50 U.S.C. § 3932 (Doc. 18). Plaintiff has now filed an addendum to her motion for default judgment and a motion for reimbursement of attorney's fees and costs (Doc. 19).

## Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, a defendant's default alone does not require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Before judgment is entered pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." See id. at 1544.

A. Appropriateness of the Clerk's Entry of Default

1. Defendant Fariborz Ishani

Federal Rule of Civil Procedure 4 deals with the service of process. Rule 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located for an action brought in a court of jurisdiction in that state. FED. R. CIV. P. 4(e).

According to Plaintiff's return of service, the process server effected service on Defendant Ishani on May 18, 2016 by serving Pirooz Pirzadeh, as co-resident of Ishani's usual place of abode (Doc. 15). Under the guidelines established by Rule 4(e), service on Defendant Ishani was proper. Upon being served with the summons and complaint, he was required to respond on or before June 8, 2016. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Defendant Ishani has failed to respond to the complaint and the time to do so has passed, thus the clerk's default was properly entered against him.

2. Defendant Dohi, Inc.

A plaintiff may serve a corporate defendant by,

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) an agent designated by the corporation under FLA. STAT. 48.091.[2] See FLA. STAT. § 48.081. If the address provided for the registered agent, officer, or director is a residence or private residence, "service on the corporation may be [made by] serving the registered agent, officer, or director in accordance with s. 48.031." Id. at § 48.081(3)(b). Section 48.031, permits a process

---

[2] FLA. STAT. § 48.091 provides that:

> (1)     Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2)     Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

- 4 -

server to effect service on "any person residing therein who is 15 years of age or older ..." FLA. STAT. § 48.031(1)(a).

The return of service shows that Defendant Ishani is Dohi, Inc.'s registered agent (Doc. 13). The official address listed for registered agent Ishani is: 705 Remington Oak Drive, Lake Mary, FL 32746 - a residential address[3] (Id.). Plaintiff served Dohi, Inc. by serving Ishani's co-resident, Pirooz Pirzadeh, on May 18, 2016 (Id.). Pursuant to Rule 4(h) and FLA. STAT. § 48.031(1)(a), service on Dohi, Inc. was proper. Upon being served with the summons and complaint, Dohi, Inc. was required to respond on or before June 8, 2016. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Dohi, Inc. has failed to respond to the complaint and the time within to do so has passed. Thus, the clerk's default was properly entered against Dohi, Inc.

3.   Defendant FBI Investment Group, Inc.

Plaintiff's return of service shows that Defendant Ishani is FBI Investment Group's registered agent (Doc. 14). The official address listed for registered agent Ishani is also: 705 Remington Oak Drive, Lake Mary, FL 32746[4] (Id.). Plaintiff served FBI Investment Group by serving Ishani's co-resident, Pirooz Pirzadeh, on May 18, 2016 (Id.). Pursuant

---

[3] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=DOHI%20P130000411210&aggregateId=domp-p13000041121-c0a5ea4e-4513-4ed7-b4fa-80982eca0dfd&searchTerm=dohi%2C%20inc&listNameOrder=DOHI%20P130000411210

[4] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=FBIINVESTMENTGROUP%20P090000025230&aggregateId=domp-p09000002523-2cbaa730-a4e5-4432-abcb-2376ffac5c99&searchTerm=%20FBI%20Investment%20Group%2C%20Inc.&listNameOrder=FBIINVESTMENTGROUP%20P090000025230

to Rule 4(h) and FLA. STAT. § 48.031(1)(a), service on FBI Investment Group was proper. Upon being served with the summons and complaint, FBI Investment Group was required to respond on or before June 8, 2016. See FED. R. CIV. P. 12(a)(1)(A)(i). FBI Investment Group has failed to respond to the complaint and the time within to do so has passed. Thus, the clerk's default was properly entered against FBI Investment Group.

### B. FLSA Claim

Damages may be awarded only if the record adequately reflects the basis for the award through evidence such as a detailed affidavit. Under the FLSA, an offending employer "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in additional equal amount as liquidated damages." 29 U.S.C. § 216(b). If "the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate plaintiff's prima facie case, 'the court may award approximate damages based on the employee's evidence.'" Donald v. Park & Fly, LLC, No. 3:10-cv-41-J-34MCR, 2011 U.S. Dist. LEXIS 139433, at *9 (M.D. Fla. Nov. 7, 2011). The employee may rely on an affidavit to prove damages. Childress v. Bubba's World, LLC, No. 6:09-cv-1955-Orl-28GJK, 2011 U.S. Dist. LEXIS 136994, at *5 (M.D. Fla. Nov. 4, 2011) ("A plaintiff may quantify damages by affidavit or other admissible evidence."). The Court will also consider a plaintiff's answers to the Court's interrogatories to establish reasonable damages. See Bonilla v. Shiner's Car Wash, Case No. 6:12-cv-1649, 2014 U.S. Dist. LEXIS 66297, at *2 (M.D. Fla. April 23, 2014). Ultimately, "[P]laintiff's proof must supply the Court with a just and reasonable inference upon which to calculate [damages]." Roberts v. Lee A. Stephens Sec., Inc., No. 3:05-cv-1196-J-32MCR, 2007 WL 2579599, at *1 (M.D. Fla. May 10, 2007).

Plaintiff alleges she was an hourly paid cashier and Defendants failed to pay her for hours worked in excess of forty per week for several weeks of her employment (Doc.1 at ¶ 22). She avers that she was engaged in commerce and that she was employed by an enterprise engaged in commerce within the meaning of the FLSA (Id. ¶¶ 3-7, 28). See King v. Stevenson Beer Distrib. Co., Civil Action No. 4:12-cv-911, 2014 U.S. Dist. LEXIS 41568, at *16 (S.D. Tex. Mar. 27, 2014); Ramirez v. Raptor Tech. Grp., Inc., Case No. 5:12-cv-100-Oc-34TBS, 2012 U.S. Dist. LEXIS 91830, at *6 (M.D. Fla. June 8, 2012) (citing Hartsfield v. Express Shipping & Towing, Inc., No. 6:07-cv-540-Orl-31KRS, 2008 U.S. Dist. LEXIS 117451, at *5-6 (M.D. Fla. Jan. 28, 2008)). Plaintiff claims she is owed a total of $2,403.14, which includes damages of $1,893.14 (an equal amount in actual and liquidated damages) and $510 in costs (Doc. 17 at 8; Doc. 17-1 at 5, ¶ 24; Doc. 17-3). She has submitted her affidavit and a spreadsheet as evidence of the amount of her unpaid wages (Doc. 17-1; Doc. 17-3). The affidavit and spreadsheet are sufficient to establish Plaintiff's damages. Now, I respectfully recommend that the district court award Plaintiff $946.57 in actual damages and an additional $946.57 as liquidated damages.

### C. Servicemembers Civil Relief Act

The Servicemembers Civil Relief Act ("SCRA") does not prevent entry of default judgment against Defendant Ishani. In an addendum to the motion for default judgment, Plaintiff's counsel maintains that the affidavit of the process server at Docket Entry 15 confirms that Defendant Farizborz Ishani is not a servicemember of the uniformed services, as defined in Section 101(a)(5) of Title 10, pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. § 3932 (Doc. 19 at 2, 11-12). This is sufficient to satisfy the SCRA's affidavit requirement. See Branch Banking and Trust Co. v. Chalifoux Bus. Park, LLC, Case No. 6:15-cv-2005-Orl-31TBS, 2016 WL 1238746, at *2 (M.D. Fla. Mar. 10,

2016).

    D.  Taxation of Costs

A prevailing party is generally entitled to an award of all taxable costs incurred in litigating the dispute. See FED. R. CIV. P. 54(d)(1); see also 29 U.S.C. § 216(b). In consideration of Defendants' default, I find that Plaintiff is the "prevailing party." See Jean-Louis v. Greenberg, No. 08-81205-Civ-Hurley/Hopkins, 2009 U.S. Dist. LEXIS 98487, at *4 (S.D. Fla. Sept. 29, 2009) ("[T]he entry of a default judgment against Defendants renders Plaintiff the prevailing party."). Pursuant to federal statute,

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920. "Costs for service of process by a private process server may be awarded as akin to 'fees' of the marshal' ..." MBNA Am. (Delaware), N.A. v. Grp. Ins. Concepts, Inc., No. 8:05-cv-2114-T-27EAJ, 2006 WL 5159182, at *3 (M.D. Fla. May 16, 2006). Plaintiff has asked for $510.00 to reimburse her for fees associated with filing the complaint and serving process on Defendants (Doc. 17 at 8). She has attached receipts to the motion as support (Doc. 17-4 at 2-5). These costs are recoverable under 28 U.S.C. § 1920. Therefore, I respectfully recommend that the district judge allow reimbursement of the filing fee and service costs.

    E.  Attorney's Fees

Plaintiff requests $4,675 in fees for work performed by her attorney and paralegal (Doc.19 at 5). It is well settled that district courts within the Eleventh Circuit are required to utilize the "lodestar approach" to calculate a reasonable attorney's fee. See Gray v. Bostic, 625 F.3d 692 (11th Cir. 2010); see also City of Burlington v. Dague, 505 U.S. 557, 562 (1992). The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); see also Jackson v. Grupo Indus. Hotelero, S.A., No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010).

1. Reasonable Hours Expended

The first step in determining the lodestar is to assess the reasonable number of hours expended. Jackson, 2010 WL 750301, at *3-4. The fee applicant bears the burden of documenting the appropriate number of hours. See United States ex rel. Burr v. Blue Cross & Blue Shield of Fla., Inc., 882 F. Supp. 166, 170 (M.D. Fla. 1995). Plaintiff seeks compensation for 10.6 hours of work performed by attorney Carlos V. Leach and 5.6 hours of work performed by paralegal Melissa A. Mejia (Doc. 19 at 5; Doc. 19-1). The motion includes the law firm's timekeeper ledgers in support of this claim (Doc. 19-2 at 2-3).

The claim includes time spent redacting personal information. Time entries for redacting basic information is not compensable. Cf. Sabili v. Chase Hotel Mgmt., Case No. 6:10-cv-807-Orl-31KRS, 2011 U.S. Dist. LEXIS 75358, at *12) (M.D. Fla. June 24, 2011) ("The following time entries for redacting time records are not compensable."). Therefore, I respectfully recommend that the district judge find that all entries in the time record were reasonably expended by Plaintiff's counsel on the prosecution of this action, except for the one hour spent redacting personal information on Plaintiff's paycheck stubs

- 9 -

(Doc. 19-2 at 3).

### 2. Reasonable Hourly Rates

The second step in determining the lodestar is to assess the reasonableness of the attorney's hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Loranger, 10 F.3d at 781; see also Jackson, 2010 WL 750301, at *2-3. The following twelve factors, originally set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974),[5] are also considered in calculating a fee award:

> (1) The time and labor required; (2) [t]he novelty and difficulty of the questions; (3) [t]he skill requisite to perform the legal services properly; (4) [t]he preclusion of other employment by the attorney due to acceptance of the case; (5) [t]he customary fee; (6) [w]hether the fee is fixed or contingent; (7) [t]ime limitations imposed by the client or the circumstances; (8) [t]he amount involved and the results obtained; (9) [t]he experience, reputation, and ability of the attorneys; (10) [t]he 'undesirability' of the case; (11) [t]he nature and length of the professional relationship with the client; and (12) [a]wards in similar cases.

Blue Cross & Blue Shield of Fla., Inc., 882 F. Supp. at 170. The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates." In most cases, "satisfactory evidence" consists of something more than the affidavit of the attorney performing the work. Loranger, 10 F.3d at 781. In other cases, district courts have considered the affidavit of the attorney performing the work as the best evidence of the prevailing market rate. See Dillard v. City of Greensboro, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (citing Blum v. Stenson, 465 U.S. 886, 896

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

(1984)). In all cases, a district court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781.

Plaintiff seeks an award of attorney's fees at the rate of $375 per hour and paralegal fees at the rate of $125 per hour (Doc. 19 at 6, Doc. 19-1 at 6). Mr. Leach has submitted his affidavit as evidence of these rates (Doc. 19-1 at 1-7). He cites to several recent cases in a rate of $325 per hour was approved for his time (Doc. 19 at 9). Mr. Leach maintains that "[c]ertainly a reasonable progression in approximately three years and eight months would warrant an increase of $50 per hour to $375.00 per hour. Since then, Plaintiff's counsel has become an equity partner at Morgan and Morgan, and a department chair of its employment section" (Id.). But, there is nothing novel or complex about this case. It did not require a high degree of skill to perform the services properly, to my knowledge, there is nothing undesirable about the case, and it did not prevent Mr. Leach from taking on other clients and assignments. Therefore, and based upon my own expertise concerning the appropriate fee rate for attorneys in the Orlando area for work on similarly simple matters, I recommend that the district court find that $300 per hour is an appropriate rate for Mr. Leach's services and that $100 per hour is an appropriate rate for Ms. Mejia's assistance. Based upon these adjustments, I respectfully recommend that Plaintiff recover $3,440 in attorney's fees (9.6 hours at $300 per hour for attorney Carlos Leach and 5.6 hours at $100 per hour for paralegal Melissa Mejia), which will compensate the attorney and paralegal for their hours of work at reasonable rates.

## Conclusion

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Entry of Final Default Judgment (Doc. 17) be **GRANTED** and

Plaintiff's Addendum Motion & Memorandum in Support of Request for Award of Attorney's Fees (Doc. 19) be **GRANTED IN PART AND DENIED IN PART**, as set forth above.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on August 1, 2016.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties